## NEWPORT.

NANCY MELVIN *vs.* AUGUSTUS MARTIN *et ux. et al.*

The status of a person is to be determined by the law of his domicil, and such status, with its incidental rights of succession and inheritance, should be recognized in another State, when there is nothing in its laws to prevent it.

A child adopted in another State, being the place of his domicil, by the laws of which an adopted child's rights of inheritance and succession are the same as in Rhode Island, inherits realty in this State under Pub. Stat. R. I. cap. 164, § 7, the same as though he had been adopted here.

BILL IN EQUITY to obtain a conveyance of real estate. On motion for a decree *pro confesso* against the respondents, Augustus Martin and his wife Annie Martin.

The bill alleged that the complainant had conveyed her real estate, situate in Rhode Island, to her sister Mary Judge, under such circumstances as entitled her to a reconveyance of the same, and that Mary Judge died intestate and without issue, leaving, however, an adopted child, the respondent Patrick Meany, *alias* Patrick Judge, Jr., who had been adopted by Mary Judge and her husband in Massachusetts, where the child Patrick and his parents resided at the time of the adoption.

The question before the court was whether, upon the decease of Mary Judge, the title to the real estate passed to her adopted child Patrick, or to her sisters, the complainant and the respondent Annie Martin, as her heirs at law.

*Providence, July* 9, 1894. PER CURIAM. The court is of the opinion that the defendant described as Patrick Meany, *alias* Patrick Judge, Jr., holds the legal title to the property in dispute, as the adopted child of Mary Judge, deceased, and Patrick Judge, her husband.

The objections to this view are that the decree of adoption in Massachusetts was territorial, and so not binding in this State, and that real estate here must follow our statute of descent, which mentions children only and not children by adoption. Similar objections were so fully and conclusively discussed in *Ross* v. *Ross*, 129 Mass. 243, that a further examination of the subject seems to be needless. It was there decided that the status of a person, which may exist in another State, with the incidental right of succession and inheritance, is to be determined by the law of his domicil; and that this status, with its incidental right, should be recognized in another State when there is nothing in its laws to prevent it. See also *Van Matre* v. *Sankey*, 148 Ill. 536.

The law of this State as to the right of succession in an adopted child is like that of Massachusetts, and, hence, the status being recognized, it should be applied in the same way as it would be in the case of a child adopted here.[1]

*William P. Sheffield & William P. Sheffield, Jr.*, for complainant.

*Robert W. Burbank & Charles Acton Ives, contra.*

---

[1] Pub. Stat. R. I. cap. 164, § 7, is as follows :

SEC. 7. A child so adopted shall be deemed, for the purposes of inheritance by such child and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation.